EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Enmiendas al Reglamento de Educación Jurídica Continua y al Reglamento del Programa de Educación Jurídica Continua

2015 TSPR 77

193 DPR ____

Número del Caso: ER-2015-3

Fecha: 15 de junio de 2015

Materia: Resolución del Tribunal con Votos Particulares de Conformidad en parte y Disidentes en parte, Voto Particular de Conformidad y Voto de Conformidad en parte y Disidente en parte.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

ER-2015-03

Enmiendas al Reglamento de
Educación Jurídica Continua y
al Reglamento del Programa de
Educación Jurídica Continua

RESOLUCIÓN

En San Juan, Puerto Rico, a 15 de junio de 2015.

Al amparo del poder inherente para reglamentar la profesión jurídica en Puerto Rico este Tribunal aprobó en el 1998 el Reglamento de Educación Jurídica Continua, con el propósito de implementar un programa obligatorio que contribuyera al mejoramiento de la profesión legal, *In re Reglamento de Educación Jurídica Continua*, 146 D.P.R. 494 (1998).

En el 2005, se promulgó el Reglamento del Programa de Educación Jurídica Continua, *In re Reglamento del Programa de Educación Jurídica Continua*, 164 D.P.R. 555 (2005), en virtud del cual se impuso el requisito de tomar veinticuatro (24) horas crédito en cursos de educación jurídica continua en periodos bienales, a partir del 2007. Desde entonces, el Programa de Educación Jurídica Continua ha dedicado sus esfuerzos a contribuir al mejoramiento académico y profesional de los abogados y de las abogadas en Puerto Rico.

A poco más de un lustro desde la creación del Programa, este Tribunal creó la Comisión Especial para Revisar el Funcionamiento del Programa de Educación Jurídica Continua (Comisión Especial), con la encomienda de realizar una investigación profunda y completa sobre el funcionamiento del Programa durante los años de su operación y sobre la aplicación y el manejo del Reglamento.[1] Tras la designación de las y los representantes del Colegio de Abogados de Puerto Rico, de la Asociación de Abogados de Puerto Rico, de la Federal Bar Association y del Procurador General, unidos a los nombrados por este Tribunal, la Comisión Especial estuvo constituida por los y las siguientes profesionales del Derecho:

> Lcdo. Héctor R. Ramos Díaz, Presidente
> Lcdo. Roberto A. Cámara Fuertes
> Lcda. Jeanette M. Collazo Ortiz
> Lcdo. José L. Miranda de Hostos
> Lcda. Ivelisse Moyano Ares
> Lcdo. Edwin Ramos Rivera
> Lcdo. Roberto Reyes López
> Lcdo. Rafael Sánchez Hernández
> Lcda. Vanessa Sánchez Mendiola

En cumplimiento con la encomienda delegada, y tras celebrar  vistas públicas en gran parte de las Regiones Judiciales para auscultar el sentir de los abogados y las abogadas que han participado en el Programa, la Comisión Especial presentó ante la consideración de este Tribunal su Informe con sus hallazgos y recomendaciones. Tras examinar este Informe, se enmiendan las Reglas 2, 3(a), 3(b), 6(a), 8(d), 9(a) y 9(b) del Reglamento de Educación Jurídica Continua de 1998. Estas Reglas leerán como se indica a continuación:

[…]

**Regla 2. Aplicabilidad**

Estas Reglas aplicarán a todas las abogadas y los abogados activos admitidos a la práctica de la profesión en el Estado Libre Asociado de Puerto Rico.

**Regla 3. Definiciones**

(a) *Abogada y Abogado Activo* – quien ha sido admitida(o) por el Tribunal Supremo al ejercicio de la profesión.

---

[1] *In re Comisión Especial para Revisar el Funcionamiento del Programa de Educación Jurídica Continua*, 184 D.P.R. 538 (2012).

(b)   *Abogada y Abogado Inactivo* – a quien el Tribunal Supremo le ha autorizado el cambio a estatus como Abogado(a) Inactivo(a) en el Registro de Abogados y Abogadas del Tribunal Supremo.

[…]

### Regla 6. Requisitos Mínimos

(a)   Toda abogada o todo abogado activo deberá tomar por lo menos veinticuatro (24) horas crédito de educación jurídica continua en un periodo de tres (3) años. De esas veinticuatro (24) horas crédito, al menos cuatro (4) serán dedicadas a cursos de ética profesional. Dentro de las veinticuatro (24) horas crédito requeridas, aquellos(as) con estatus de activo(a) como notarios al momento de terminar el periodo de cumplimiento deberán tomar seis (6) horas crédito en cursos vinculados con el derecho notarial y así aprobados por el Programa de Educación Jurídica Continua. Aquellos(as) que al vencimiento del periodo de cumplimiento no sean notarios(as) activos(as) podrán solicitar al Director(a) Ejecutivo(a) un cierre administrativo, que será concedido a todo solicitante que haya cumplido con las horas crédito requeridas en las demás materias. Las horas crédito en exceso del mínimo requerido podrán ser acreditadas al periodo siguiente siempre que no excedan de veinticuatro (24).

[…]

### Regla 8. Junta de Educación Continua

(a)   […]

(b)   […]

(c)   […]

(d)   Las funciones de la Junta serán las siguientes:

(1) […]

(2) […]

(3) En aquellos casos en que el o la profesional del Derecho demostró justa causa, la Junta podrá eximirle del cumplimiento con los requisitos de educación jurídica continua.

(4) En aquellas solicitudes referidas por el Tribunal Supremo, evaluar y recomendar la aprobación de proveedores.

(5) Preparar informes periódicos al Tribunal Supremo que contengan recomendaciones de cómo mejorar el funcionamiento de los programas de educación jurídica continua.

(6) Adoptar las reglas necesarias para la administración eficiente de este Reglamento.

## Regla 9. Procedimiento en casos de Incumplimiento

(a) A los sesenta (60) días siguientes de la fecha en que debió acreditarse el cumplimiento con el requisito de educación jurídica continua, la Junta de Educación Jurídica Continua enviará un Aviso de Incumplimiento a los abogados y a las abogadas que no hayan completado las horas requeridas.

(b) Dentro de los sesenta (60) días siguientes a la fecha del Aviso de Incumplimiento, los profesionales del Derecho así notificados deberán cumplir y de no hacerlo, deberán informar a la Junta las razones del incumplimiento.

[…]

Asimismo, se enmiendan las Reglas 4, 5, 8, 10, 11, 12, 13, 14, 15, 17, 18, 20, 24, 28, 29, 30, 31, 32, 35, 36, 37, 38 y se eliminan las Reglas 39, 40 y 41 del Reglamento del Programa de Educación Jurídica Continua de 2005. Las Reglas enmendadas leerán como se indica a continuación:

## CAPÍTULO I DISPOSICIONES GENERALES

[...]

## Regla 4. APLICABILIDAD

(A) Las disposiciones de este Reglamento aplican a:

(1) *T*odo*(a)* profesional del Derecho admitido al ejercicio de la abogacía y la notaría en Puerto Rico, así como aquellos*(as)* a los que el Tribunal Supremo ha suspendido del ejercicio de la profesión legal en forma temporal o por un per~i~íodo de tiempo específico*;*

(2) Los proveedores autorizados por la Junta para ofrecer cursos de educación jurídica continua.

(B) Todo abogado o abogada que haya sido separado del ejercicio de la profesión en forma permanente o indefinida por el Tribunal Supremo que voluntariamente interese cumplir con el Programa de Educación Jurídica

Continua, podrán así hacerlo, en cuyo caso, la Junta ~~vendrá obligada a informar semestralmente al Tribunal Supremo sobre aquellos o aquellas que cumplan con las disposiciones de este Reglamento.~~ *podrá emitir una certificación de estatus de cumplimiento a solicitud del profesional del Derecho o del Tribunal Supremo relativa al historial de cursos acreditados.*

(C) Se excluye de las disposiciones de este Reglamento a:

(1) […]


(2) […]

~~(3) los profesionales del Derecho que cumplan con cualquiera de las siguientes características:~~

~~(a) se dedican a la enseñanza del Derecho en universidades reconocidas por el Tribunal Supremo o por la American Bar Association, mientras desempeñen esa función;~~

~~(b) están inactivos, luego de que el Tribunal Supremo les haya aceptado su Solicitud de cambio a estatus de abogado inactivo en el Registro de Abogados y Abogadas;~~

~~(c) están exonerados del pago de la cuota anual de colegiación por razón de incapacidad para ejercer la profesión, conforme al Artículo 10 del Reglamento del Colegio de Abogados, y solicitan a la Junta que se les exima de cumplimiento;~~

~~(d) solicitan ante la Junta y obtienen exoneración o diferimiento de la educación jurídica continua, por razones de justa causa, durante el período de tiempo concedido;~~

~~(e) están separados del ejercicio de la profesión en forma permanente por el Tribunal Supremo. De ser rehabilitados, corresponderá al Tribunal decidir la forma y manera de cumplimiento con las disposiciones de este Reglamento;~~

~~(f) están prohibidos por mandato de ley de practicar como tales durante el término que la propia ley lo disponga.~~

~~(D) Los profesionales del Derecho no tienen obligación de cumplir con el requisito de educación jurídica continua y las disposiciones de este Reglamento durante los dos (2) años siguientes a la fecha de su admisión inicial al ejercicio de la abogacía.~~

(3) Los y las profesionales del Derecho con estatus de inactivo(a) o baja voluntaria ante la Secretaría del Tribunal Supremo, mientras dure dicha condición de inactividad o baja voluntaria.

(4) Los abogados y las abogadas que están separados(as) del ejercicio de la profesión de forma permanente. De ser readmitidos corresponderá al Tribunal Supremo determinar la forma y manera de cumplimiento con las disposiciones de este Reglamento.

(5) Aquellos(as) que el Tribunal Supremo admita a la profesión, durante los tres (3) años siguientes a la fecha de admisión inicial al ejercicio de la abogacía.

(6) Aquellos(as) que hayan completado un grado de Maestría en Derecho o Doctorado en Ciencias Jurídicas o su equivalente en Derecho en alguna Facultad de Derecho reconocida por la American Bar Association, el Tribunal Supremo de Puerto Rico o entidad equivalente, durante los tres (3) años siguientes a la fecha de obtención del grado.

(7) Los y las profesionales del Derecho que solicitan ante la Junta de Educación Continua y obtienen una exoneración por razones de justa causa, durante el periodo de tiempo concedido.

(8) Miembros de los siguientes organismos del Tribunal Supremo:

(a)  Comisión de Disciplina Judicial

(b) Junta Examinadora de Aspirantes al Ejercicio de la Abogacía

(c) Junta de Educación Jurídica Continua

(d) Comisión Revisora de Currículo del Programa de Educación Jurídica Continua

(e) los comités de redactores(as) y correctores(as) de las reválidas general y notarial

(f) Todo profesional del Derecho, mientras dure su designación, que sirva en otros comités, comisiones o juntas que a juicio del Tribunal Supremo deban ser relevados de cumplir con el Programa de Educación Jurídica Continua.

(9) Aquellos(as) que se dediquen a la enseñanza del Derecho a tiempo completo en facultades de Derecho

*reconocidas por el Tribunal Supremo o por la American Bar Association, mientras desempeñen esa función.*

**Regla 5. DEFINICIONES**

(1)    […]

(2)    *Curso aprobado* – Curso de educación jurídica continua aprobado por el Programa porque cumple con todos los requisitos establecidos en este Reglamento.

(3)    […]

(4)    […]

(5)    *Divulgación efectiva* – Se refiere a anunciar el ofrecimiento del curso a todos los miembros de la profesión legal mediante la publicación en periódicos de circulación general, radio, correo electrónico o cualquier otro medio de divulgación alterno.

(6)    […]

(7)    […]

(8)    […]

(9)    *Periodo de cumplimiento* – Se refiere al periodo de tres (3) años dentro del cual se deberá cumplir con las veinticuatro (24) horas de educación jurídica continua según dispone la Regla 6(a) del Reglamento de 1998 y de conformidad con el mecanismo escalonado de cumplimiento que autoriza la Regla 28 de este Reglamento.

(10)  […]

(11) *Proveedor* – Se refiere a la persona natural o jurídica que ofrece cursos de educación jurídica continua de conformidad con las disposiciones de este Reglamento.

(12)  […]

(13) *Educación a Distancia* - Métodos de enseñanza y aprendizaje, sincronizados o no sincronizados, en los cuales el recurso está separado en tiempo y/o espacio de los participantes. Incluye, pero no se limita a, teleconferencias, seminarios en vivo transmitidos por Internet, audio o video conferencias en línea o pre-grabadas.

(14)Cursos Pre-Aprobados – Se refiere a los cursos ofrecidos por aquellas entidades incluidas en la Regla 17 (B). El o la profesional del Derecho que los tome y desee recibir acreditación, deberá solicitar la acreditación del

curso, y presentar el certificado de participación emitido por el proveedor que incluya el total de horas contacto.

**CAPÍTULO II. JUNTA DE EDUCACIÓN JURÍDICA CONTINUA**

**[…]**

**Regla 8. Director Ejecutivo Jurídica**

La dirección administrativa de la Junta estará a cargo de un Director(a) Ejecutivo(a) que será nombrado por el Tribunal Supremo.

[…]

**CAPÍTULO III. ACREDITACIÓN DE EDUCACION JURÍDICA CONTINUA**

**Regla 10. CURSO ACREDITABLE: REQUISITOS**

Para propósitos de acreditación, todo curso de educación jurídica continua cumplirá con los siguientes requisitos:

(1) […]

(2) […]

(3) incluir materiales educativos con un alto nivel de calidad que le serán entregados a cada participante en o antes de la fecha de ofrecimiento del curso, ya sea de forma impresa o electrónica;

(4) […]

(5) […]

(6) […]

**Regla 11. APROBACIÓN Y ACREDITACIÓN DE CURSOS: REQUISITOS**

(A) A solicitud de un proveedor:

(1) La solicitud para la aprobación de un curso será presentada en el formulario provisto por la Junta, con no menos de cuarenta y cinco (45) días antes de la fecha de ofrecimiento del curso, excepto que por justa causa la Junta acorte dicho término. La presentación tardía podrá conllevar la devolución de la solicitud.

(2)   Con la solicitud se incluirá la información y los anejos para acreditar lo siguiente:

(a)   título, descripción general del curso, objetivos educativos y metodología;

(b)   […]

(c)   […]

(d)   […]

(e)   bosquejo del contenido que incluya una descripción de los temas y la identificación de las fuentes de derecho aplicables;

(f)   nombre de los recursos y sus cualificaciones profesionales;

(g)   copia de los materiales a distribuirse o mostrarse a los y las profesionales del Derecho participantes. De así ser autorizado por la Junta, los materiales podrán ser entregados diez (10) días antes del ofrecimiento del curso, siempre que se describa en detalle su contenido en la solicitud;

(h)   […]

(i)   nombre del proveedor, dirección, teléfono, fax, correo electrónico;

(3)   […]

(4)   La decisión del Director(a) será notificada al proveedor solicitante no más tarde de los quince (15) días siguientes de presentada la solicitud o notificación de repetición. Toda solicitud o notificación de repetición que esté incompleta por falta de información o documentos, será devuelta y considerada como no presentada para efectos del Reglamento. Si el(la) Director(a) no notifica su decisión dentro del término de 15 días provisto en esta Regla, el curso sometido por el proveedor se dará por aprobado.

(5)   Dentro de los treinta días (30) días siguientes al ofrecimiento del curso, el proveedor presentará ante la Junta lo siguiente:

(a)   una lista con los nombres, número ante el Tribunal Supremo y horas crédito de los y las profesionales del Derecho que tomaron el curso;

(b)    […]

(c)    […]

(d)    […]

(6)    El proveedor deberá asegurarse que los y las profesionales del Derecho participantes completen la hoja de evaluación provista por el Programa. Los miembros de la Junta de Educación Jurídica Continua, así como las funcionarias y los funcionarios administrativos del Programa podrán visitar la actividad educativa a los fines de evaluar el cumplimiento con los requisitos establecidos.

(7)    Una vez aprobado un curso, este se considerará aprobado por un periodo de un (1) año. El proveedor podrá repetir el curso durante este término siempre que notifique la fecha en que se ofrecerá la repetición con al menos quince (15) días de antelación, excepto que por justa causa la Junta acorte dicho término. La notificación de repetición incluirá el título del curso, el código asignado por el Programa, la(s) fecha(s) en que se ofrecerá(n) y una certificación que acredite que el curso se administrará según aprobado originalmente y que está actualizado.

(B)    A solicitud del profesional del Derecho:

(1)    La solicitud para la acreditación de un curso será presentada dentro de los seis (6) meses del ofrecimiento del curso, a menos que la Junta extienda dicho término por justa causa, pero nunca más de un año después de haber tomado el curso.

(2)    La solicitud será presentada en el formulario provisto por la Junta e incluirá la siguiente información:

(a)    […]

(b)    […]

(c)    certificado de participación provisto por el proveedor que incluya el título y la fecha del curso, el nombre del participante y las horas contacto completadas por el o la profesional del derecho.

(3)    […]

(4)    Se incluirá un pago equivalente al cinco por ciento (5%) de la cantidad pagada por tomar el curso o $15.00 por hora crédito solicitada, lo que sea menor.

**REGLA 12. CURSOS OFRECIDOS POR ENTIDADES PROFESIONALES PRIVADAS CON O SIN FINES DE LUCRO: REQUISITOS**

(A)    […]

(1)    presentar su solicitud conforme a la Regla 11(A);

(2)    […]

(3)    […]

(4)    […]

(5)    cumplir con el requisito de divulgación efectiva dispuesto en la Regla 16;

(6)    admitir solicitudes de profesionales del Derecho que no están asociados con la entidad profesional privada conforme a los espacios separados al amparo de esta Regla. Si al momento de comenzar a admitir solicitantes, hubiera más solicitudes que espacios disponibles, los participantes que se admitan se escogerán de conformidad con el orden de llegada de las solicitudes; si, algún solicitante admitido cancela o no remite el pago oportunamente, se deberá escoger inmediatamente a un sustituto, siguiendo el orden de llegada de las solicitudes de los que no hayan sido previamente escogidos;

(7) Dentro de los treinta (30) días siguientes al ofrecimiento del curso:

(a)    […]

(b) identificar los profesionales del Derecho pertenecientes a la entidad profesional privada y los que no, de manera que el Programa pueda constatar el cumplimiento con la reserva de espacios para profesionales del Derecho no asociados o afiliados a la entidad profesional privada.

(c)    […]

**REGLA 13. CURSOS OFRECIDOS POR ENTIDADES PROFESIONALES PÚBLICAS: REQUISITOS**

Las entidades profesionales públicas con interés en ofrecer un curso para que se le acredite como educación jurídica continua a sus empleados(as) que sean profesionales del Derecho cumplirán con lo siguiente:

(1) presentar una solicitud en el formulario provisto por la Junta con no menos de cuarenta y cinco

(45) días antes del ofrecimiento del curso, excepto que por justa causa la Junta acorte dicho término.

(2)    […]

(3)   cumplir con el requisito dispuesto en la Regla 11(A)(5). Cuando el curso ofrecido por la entidad profesional pública a sus empleados(as) sea libre de costo, no corresponderá el pago de cuota de $3.00 por cada hora crédito tomada por cada profesional del Derecho.

## REGLA 14. CÓMPUTO DE CRÉDITOS

Las veinticuatro (24) horas crédito de educación jurídica continua se calcularán de la siguiente manera:

(1)    […]

(2)  las horas crédito tomadas en exceso del total requerido se acreditarán al próximo periodo de cumplimiento siempre que no excedan de veinticuatro (24).

(3)   No se acreditarán horas crédito correspondientes a repeticiones de cursos de educación jurídica continua a menos que haya transcurrido un año (365 días) a partir de cada ofrecimiento.

## REGLA 15: CURSOS OFRECIDOS A DISTANCIA

(A)   Se podrá acreditar cursos que se ofrezcan a distancia en los cuales se utilicen métodos de enseñanza y aprendizaje, ya sean sincronizados o no sincronizados, siempre que existan mecanismos de comprobación de asistencia y cumplan con las disposiciones de la Regla 10 de este Reglamento.

(B)   La solicitud para la aprobación de un curso a distancia cumplirá con los requisitos de la Regla 11 de este Reglamento.

(C)   Se considerarán métodos sincronizados aquellos en donde la interacción entre el recurso y el participante es simultánea.  Se considerarán métodos no sincronizados aquellos en los que la comunicación entre el recurso y el participante es diferida.

(D) No se acreditarán horas crédito tomadas mediante auto-estudio.

[…]

**CAPÍTULO IV. PROVEEDORES**

**REGLA 17. PROVEEDORES: REQUISITOS**

(A) Cualquier persona natural o jurídica que demuestre su capacidad para ofrecer cursos de educación jurídica continua podrá ser considerada proveedor si cumple con los requisitos siguientes:

(1) demostrar que la misión de cada curso que administra o de su programa de educación es el mejoramiento de los profesionales del Derecho a través de la educación jurídica continua;

(2) demostrar que posee la solvencia económica necesaria para administrar cursos o mantener un programa de educación jurídica continua de la más alta calidad;

(3) comprometerse a cumplir con la misión y los propósitos del Programa de Educación Jurídica Continua.

(B) Las siguientes organizaciones no tendrán que cumplir con lo dispuesto en el Capítulo IV de este Reglamento y sus cursos se considerarán pre-aprobados siempre y cuando el profesional del derecho cumpla con las Reglas 11(B)(1) y (2)(c), salvo que el(la) Director(a) determine, por escrito y de forma fundamentada, que el curso no cumple con las Reglas 10 (1) y (2):

(1) Academia Judicial Puertorriqueña
(2) *American Bar Association* y sus secciones
(3) *American Bankruptcy Institute*
(4) *American Immigration Lawyers Association*
(5) *American Law Institute*
(6) *Association of Defense Trial Attorneys*
(7) Asociación de Abogados de Puerto Rico y sus instituciones afiliadas
(8) Colegio de Abogados y Abogadas de Puerto Rico y sus instituciones afiliadas
(9) Colegio de Notarios de Puerto Rico
(10) Escuela de Derecho de la Pontificia Universidad Católica de Puerto Rico y sus instituciones afiliadas
(11) Escuela de Derecho de la Universidad de Puerto Rico y sus instituciones afiliadas
(12) Facultad de Derecho de la Universidad Interamericana de Puerto Rico y sus instituciones afiliadas
(13) *Federal Bar Association*
(14) *National Bar Association*
(15) *National Employment Law Institute*

(16) *National Institute for Trial Advocacy*
(17) *National Judicial College*
(18) *The Judge Advocate General's School of the US Army*
(19) Cualquier otra institución que la Junta determine mediante Resolución


**REGLA 18. PROVEEDORES: SOLICITUD**

La persona natural o jurídica que interese ser proveedor de cursos de educación jurídica continua, deberá presentar ante la Junta la información siguiente:

(1) nombre del proveedor, dirección, teléfono, fax, correo electrónico;

(2) nombre y título de la persona contacto;

(3) descripción de su experiencia en el campo jurídico, de sus facilidades físicas y de la preparación de las personas a cargo de la organización, enseñanza y supervisión de los cursos;

(4) cuando se trate de una corporación, incluir el Certificado de Cumplimiento ("Good Standing") expedido por el Departamento de Estado;

(5) declaración de que se compromete a cumplir con la misión del Programa de Educación Jurídica Continua y con todos los requisitos establecidos por el Tribunal Supremo en este Reglamento y disposiciones relacionadas.

[…]

**REGLA 20. RECURSOS**

(A) Todo proveedor establecerá los mecanismos necesarios que garanticen que los recursos de educación jurídica continua poseen las cualificaciones, la competencia profesional y las destrezas pedagógicas que permiten una enseñanza provechosa de los cursos.

(B) Los y las profesionales del Derecho que funjan como recursos deberán estar en cumplimiento con los requisitos de educación jurídica continua.

[…]

**CAPÍTULO V. PROCEDIMIENTOS ANTE LA JUNTA**

**REGLA 24. PETICIONES**

(A) Cualquier persona interesada en una determinación de la Junta podrá presentar por escrito cualquiera de las siguientes:

(1) Solicitud para ejercer como proveedor de conformidad con las Reglas 17 y 18;

(2) Solicitud para la aprobación de cursos a tenor con la Regla 11(A);

(3) Solicitud para la acreditación de cursos conforme a la Regla 11(B);

(4) Solicitud de exoneración a tenor con la Regla 4;

(5) Solicitud de apelación a tenor con la Regla 26;

(6) Cualquier otra petición que pudiera surgir de la aplicación de este Reglamento.

(B) Requisitos

(1) […]

(2) La solicitud para la aprobación y acreditación de cursos incluirá la información requerida en las Reglas 11(A) y 11(B), respectivamente, excepto aquellos proveedores con cursos pre-aprobados según la Regla 17(B).

**Regla 25. EVALUACIÓN; DETERMINACIÓN**

(A) […]
(B) […]
(C) […]
(D) […]
(E) Si el Director o Directora no concede o deniega una solicitud dentro de un término de cuarenta y cinco (45) días, la misma se tendrá por aprobada.

**REGLA 26. REVISIÓN DE LAS DECISIONES DEL DIRECTOR(A)**

(A) Revisión de Solicitudes de Acreditación de Cursos; Revisión ante la Comisión Revisora de Currículo

(1)    Se crea la Comisión Revisora de Currículo (Comisión).

(2)    La Comisión estará compuesta por un(a) Presidente(a) y dos (2) Comisionados(as) que rendirán servicios *ad honorem*. Los y las miembros de la Comisión serán abogados(as) activos(as) y serán nombrados(as) por el Tribunal Supremo. El(la) Presidente(a) será nombrado(a) por el término de cinco (5) años. Los(as) Comisionados(as) serán nombrados(as) por el término de cuatro (4) y tres (3) años, respectivamente.

(3)    Los y las miembros de la Comisión permanecerán en sus puestos hasta tanto sus sucesores(as) sean nombrados(as). De surgir alguna vacante, quien suceda ejercerá su puesto por el término restante.

(4)    Toda solicitud de acreditación o aprobación de cursos que sea denegada por el Director o Directora pasará automáticamente ante la consideración de la Comisión. La Comisión revisará *de novo* la solicitud presentada y deberá resolverla dentro de los veinte (20) días siguientes a la determinación inicial del Director o la Directora. La persona que presentó la solicitud podrá solicitar una vista informal, que será concedida a discreción de la Comisión.

(B)    Reconsideración de otras Solicitudes presentadas ante el(la) Director(a):

La persona que no esté conforme con la determinación del Director(a) en cuanto a un asunto que no sea la acreditación de cursos, podrá solicitar de éste la reconsideración, con tal que lo haga dentro de los quince (15) días siguientes a la notificación de la decisión. Expresará las razones en que se fundamenta y podrá solicitar la celebración de una vista informal, que será concedida a discreción del Director(a). Éste resolverá la reconsideración dentro de los diez (10) días siguientes a su presentación.

(C)   Apelación ante la Junta:

La persona que no esté conforme con la determinación en reconsideración del Director(a) podrá presentar ante la Junta un recurso de apelación con tal que lo haga dentro de los diez (10) días siguientes a la fecha de notificación de la decisión.

(D)   Los anteriores términos son de cumplimiento estricto.

## REGLA 27. REVISIÓN ANTE EL TRIBUNAL SUPREMO

Las decisiones de la Comisión y de la Junta serán finales. Podrán ser revisadas por el Tribunal Supremo mediante una solicitud de *certiorari* a presentarse dentro de los diez (10) días siguientes a la notificación de la decisión de la Junta o Comisión. Dicho término es de cumplimiento estricto.

## CAPÍTULO VI. CUMPLIMIENTO POR LOS PROFESIONALES DEL DERECHO

### REGLA 28. CUMPLIMIENTO

(A)   Todo(a) profesional del Derecho deberá cumplir con un mínimo de veinticuatro (24) horas crédito de educación jurídica continua en un periodo de tres (3) años. Al finalizar cada periodo de cumplimiento, el(la) profesional del Derecho deberá asegurar que su cumplimiento está acreditado por el Programa. De haber discrepancia, el o la profesional del Derecho tendrá el deber de evidenciar el cumplimiento.

(B)   El periodo de cumplimiento de cada profesional del Derecho comienza el primer día de su mes de nacimiento y transcurre durante treinta y seis (36) meses hasta el último día del mes anterior al de su nacimiento, a partir de la entrada en vigor del Reglamento o de su admisión a la práctica de la profesión, según aplique.

(C)  Toda notificación que requieran estas Reglas se enviará a la dirección que consta en el Registro Único de Abogados y Abogadas (RUA) del profesional del Derecho para recibir notificaciones.

**REGLA 29. INCUMPLIMIENTO**

(A)   Transcurrido al menos sesenta (60) días desde la terminación de cada periodo de cumplimiento, la Junta notificará un Aviso de Incumplimiento a todo profesional del Derecho que no haya cumplido con los créditos requeridos.

**REGLA 30. CUMPLIMIENTO TARDÍO**

(A)   Todo(a)  profesional  del  Derecho  que  haya incumplido podrá objetar el Aviso de Incumplimiento dentro de los treinta (30) días de su notificación. De no hacerlo en  ese  periodo,  se  entenderá  que  el  Aviso  de Incumplimiento fue emitido correctamente.

(B)   De tener alguna solicitud pendiente ante el Programa,  el  Aviso  de  Incumplimiento  no  surtirá  efecto hasta  que  la  Junta  le  notifique  la  determinación correspondiente.

(C)   De no haber completado los créditos requeridos durante  el  periodo  de  cumplimiento  correspondiente,  el profesional  del  Derecho  deberá  cumplir  con  las  horas crédito requeridas en un periodo de sesenta (60) días a partir de la notificación del Aviso de Incumplimiento y pagar una multa por cumplimiento tardío por la cantidad de $50.00 dólares.

**REGLA 31. INCUMPLIMIENTO: CITACIÓN**

(A)   Transcurrido  el  término  sin  que  se  haya acreditado  el  cumplimiento  con  las  horas  crédito requeridas luego de notificado un Aviso de Incumplimiento, el(la) Director(a) citará por escrito al profesional del Derecho a una vista informal.

(B)   La citación incluirá el propósito de la vista, la fecha y lugar de celebración, el periodo incumplido e instruirá al profesional del Derecho que podrá exponer por escrito las razones que justifiquen su incumplimiento en lugar de comparecer personalmente o por representación legal a la vista informal.

(C) No se citarán a vista informal a los y las profesionales del Derecho con estatus de inactivo o de baja voluntaria conforme al Registro Único de Abogados y Abogadas (RUA). De reactivarse o readmitirse al ejercicio de la abogacía, el(la) Director(a) citará por escrito al profesional  del  Derecho  respecto  a  los  periodos incumplidos.

**REGLA 32. VISTA INFORMAL**

(A) […]

(B) […]

(C) Cuando la celebración de la vista informal se delegue a un(a) oficial examinador(a), este(a) emitirá un Informe con sus recomendaciones al(a la) Director(a).

(D) En caso de incomparecencia, la Junta remitirá el asunto al Tribunal Supremo de conformidad con lo dispuesto en la Regla 9 del Reglamento de 1998.

(E) Toda determinación del (de la) Director(a) será notificada oportunamente al(a la) profesional del Derecho concernido.

**CAPÍTULO VII. MECANISMOS ALTERNOS DE CUMPLIMIENTO Y OTRAS DISPOSICIONES**

[...]

**REGLA 35. NOTIFICACIONES DEL (DE LA) DIRECTOR(A) O DE LA JUNTA; MODOS DE REALIZARLAS**

Las notificaciones del (de la) Director(a) o de la Junta a los profesionales del Derecho y a los proveedores podrán ser realizadas a través del correo ordinario, facsímil o medios electrónicos.

**REGLA 36. SITUACIONES NO PREVISTAS**

El(La) Director(a), con la aprobación del Presidente o de la Presidenta de la Junta, podrá tomar medidas para atender situaciones no previstas en la forma que, a su juicio, sirva a los mejores intereses de todas las partes.

**REGLA 37. SEPARABILIDAD**

Si por virtud de legislación o determinación judicial cualquier disposición de este Reglamento es declarada nula o ineficaz en todo o en parte, la disposición se tendrá por no puesta y no afectará la validez de las demás disposiciones, las cuales continuarán en todo su vigor y eficacia.

**REGLA 38. VIGENCIA**

Estas reglas tendrán vigencia inmediata.

Se le añadirá un (1) año al término de cumplimiento actual de cada profesional del Derecho.

Las exoneraciones otorgadas en virtud de las Reglas 4 y 36 del Reglamento del Programa de Educación Jurídica Continua de 2005 cesarán a la fecha de entrada en vigor de este Reglamento. Las exoneraciones detalladas en la Regla 4(B) de este Reglamento tendrán vigencia inmediata. Los periodos de cumplimiento para los y las profesionales del Derecho a los cuales les haya cesado la exoneración comenzarán el primer día de su mes de nacimiento, a partir de la vigencia de este Reglamento.

Los y las profesionales del Derecho que hayan sido admitidos inicialmente al ejercicio de la abogacía antes de la entrada en vigor de este Reglamento, estarán cobijados por la exoneración de tres (3) años contemplada en la Regla 4(B)(5) de este Reglamento.


Publíquese.


Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Presidenta señora Fiol Matta emitió un Voto Particular en parte y disidente en parte. La Juez Asociada señora Rodríguez Rodríguez no intervino. El Juez Asociado señor Martínez Torres emitió un Voto Particular de conformidad al cual se une el Juez Asociado señor Feliberti Cintrón. La Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Kolthoff Caraballo y la Jueza Asociada Oronoz Rodríguez emitieron un Voto Particular de Conformidad en parte y Disidente en parte cada uno por separado.

"El Juez Asociado señor Rivera García hace constar la expresión siguiente: Estoy conforme con las enmiendas incluidas en el Programa de Educación Jurídica Continua (PEJC) y sus Reglamentos, porque entiendo que estas facilitan el adiestramiento de la comunidad legal en Puerto Rico y aseguran, a su vez, el más efectivo cumplimiento de nuestro deber de mantener un alto grado de excelencia y competencia en el ejercicio de nuestra profesión. No obstante, me veo en la lamentable situación de expresar mi gran decepción de que *cinco* miembros de este Tribunal – una de las cuales simplemente prefirió no intervenir - *convenientemente* se negaran a dar el paso al frente para eliminar la exoneración de por vida que cobija a los ex Jueces y ex Juezas del Tribunal Supremo de Puerto Rico respecto al cumplimiento de los requisitos del PEJC. Esto a pesar de que la Comisión Especial nombrada por este

Tribunal para evaluar, precisamente, el progreso y funcionamiento del PEJC expresamente recomendó la eliminación de tal exclusión porque entendía que no 'exist[ía] base racional para conceder tal privilegio a ese grupo en particular'. Véase, *Informe de la Comisión Especial para Revisar el Funcionamiento del Programa de Educación Jurídica Continua*, pág. 25. En ese contexto, no veo fundamento válido alguno que justifique el que algunos de los compañeros y compañeras se negaran a acoger esta recomendación, particularmente cuando muchos de los ex Jueces y Juezas de este Tribunal continúan practicando la profesión de la abogacía más allá de funciones meramente académicas. Mientras ello sea así, no hay razón para que estos reciban un trato distinto al resto de los abogados y abogadas que practican nuestra profesión."

"El Juez Asociado señor Estrella Martínez está conforme con las modificaciones efectuadas al Programa de Educación Jurídica Continua, pero hubiese eliminado la exoneración a los ex jueces y ex juezas del Tribunal Supremo incluida en la Regla 4 del Reglamento del Programa de Educación Jurídica Continua".


                              Aida I. Oquendo Graulau
                           Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Enmiendas al Reglamento de
Educación Jurídica Continua y
al Reglamento del Programa de
Educación Jurídica Continua          ER-2015-03

Voto particular de conformidad en parte y disidente en parte de la
Jueza Presidenta SEÑORA FIOL MATTA

En San Juan, Puerto Rico, a 15 de junio de 2015.

La confianza en la Justicia y la fe de nuestros ciudadanos en su sistema de Justicia son esenciales para nuestra vida democrática. Es por eso que el Preámbulo del Código de Ética Profesional requiere que los abogados y las abogadas "desempeñen su ministerio con la mayor y más excelsa competencia, responsabilidad e integridad".[2]

Esa aspiración, que más que aspiración es una obligación, se concreta en los Cánones de Ética Profesional, particularmente en el Canon 2 que le exige a los abogados "realizar esfuerzos para lograr

---

[2] 4 LPRA Ap. IX n.

y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento…".[3] El sistema de educación continua que adoptamos en 1998 es una herramienta para facilitar el cumplimiento con esa norma, al propiciar el desarrollo constante, intelectual y moral, de nuestra clase togada.

Ese año, luego de estudiar y analizar las recomendaciones del comité designado a esos fines, este Tribunal le imprimió carácter obligatorio a los requisitos de Educación Jurídica Continua.[4] In re Reglamento de Educación Jurídica Continua, 146 DPR 494 (1998). Específicamente, establecimos un periodo bienal dentro del cual los profesionales del Derecho debían cumplir con veinticuatro horas crédito de estudio jurídico.[5] Para velar por el cumplimiento de los requisitos del Reglamento, el Tribunal nombró una Junta de Educación Jurídica Continua.[6]

Años después, se creó el Programa de Educación Jurídica Continua y promulgamos el Reglamento correspondiente. In re Reglamento del Programa de Educación Jurídica Continua, 164 DPR 555 (2005). Entre las herramientas principales para el

---

[3] 4 LPRA Ap. IX, C.2.

[4] "Su propósito es establecer un programa de educación jurídica continua obligatoria que aliente y contribuya al mejoramiento profesional". Regla 1, Reglamento de Educación Jurídica Continua, 146 DPR 494 (1998) (en adelante Reglamento de Educación jurídica Continua de 1998).

[5] Íd., Regla 6.

[6] Íd., Regla 8.

éxito del Programa se delegó el funcionamiento administrativo a un Director Ejecutivo o Directora Ejecutiva que sería nombrada por el Juez Presidente o Jueza Presidenta.[7]

Al cumplirse siete años de la creación del Programa, mediante Resolución de 13 de febrero de 2012, este Tribunal designó una Comisión Especial para evaluar el progreso y funcionamiento del PEJC y sus Reglamentos, y presentarle al Tribunal sus recomendaciones para mejorar el Programa.[8]

El 14 de noviembre de 2013 la Comisión Especial sometió su Informe Final.[9] Además, recibimos y analizamos

---

[7] Regla 8, Reglamento del Programa de Educación Jurídica Continua, 164 DPR 555 (2005), (En adelante Reglamento del Programa de Educación Jurídica Continua de 2005).

[8] *In re: Com. Esp. Prog. Edu. Jur. Cont.*, 184 DPR 538 (2012)(La Juez Asociada señora Rodríguez Rodríguez no intervino. El Juez Presidente señor Hernández Denton hizo constar que no interviene). El Tribunal nombró los siguientes miembros: Héctor Ramos Díaz, presidente, Roberto Cámara Fuertes, Jeanette Collazo Ortiz, José Miranda de Hostos, Ivelisse Moyano Ares, Edwin Ramos Rivera, Roberto Reyes López, Rafael Sánchez Hernández, Vanessa Sánchez Mendiola.

[9] Entre las recomendaciones sustantivas, el Comité Especial señaló las siguientes propuestas: (a) aumentar de dos (2) a tres (3) años el termino de cumplimiento para las veinticuatro (24) horas crédito requeridas por el Programa; (b) reducir sustancialmente el número de profesionales del derecho exentos de cumplir con los requisitos de Programa; (c) flexibilizar la forma en que se aprueban los cursos; (d) hacer más accesible la acreditación de los cursos enseñados por métodos no tradicionales; (e)mejorar y diversificar los temas de los cursos ofrecidos de manera que se amplíe la oferta; y (f) agilizar el proceso de acreditación de cursos ofrecidos fuera de Puerto Rico. *Informe de la Comisión Especial Para*

un informe con las sugerencias de la Junta de Educación Jurídica Continua. Tras considerar las consecuencias prácticas y los aspectos sustantivos y procesales de las recomendaciones sometidas, el Tribunal suscribió la Resolución que hoy se certifica con las enmiendas al Reglamento de Educación Jurídica Continua de 1998 y al Reglamentos del Programa de Educación Jurídica Continua de 2005.[10] El proceso ha estado dirigido a la búsqueda de consensos, lo cual se ha logrado en la casi totalidad de las enmiendas.

Debo hacer constar, sin embargo, mi discrepancia con la enmienda a la Regla 8 del Reglamento del Programa de Educación Jurídica Continua de 2005. Desde la concepción del Programa, el Reglamento dispuso que su Director Ejecutivo o Directora Ejecutiva fuera nombrado por el Juez Presidente o la Jueza Presidenta. Esta medida ha asegurado la agilidad administrativa del Programa y resultó ser una sabia delegación de poderes por el Pleno del Tribunal al aprobarse el Reglamento de 2005.

El poder de reglamentación de este Tribunal, en este caso a la luz del poder inherente de reglamentar la profesión, no debe ejercerse en el vacío. Siempre debe responder a consideraciones concretas y meritorias con el

_Revisar el Funcionamiento del Programa de Educación Jurídica Continua._

[10] Como resultado de ese proceso, se adoptaron muchas de las recomendaciones, pero no todas, sometidas por la Comisión Especial y la Junta.

propósito de atender alguna necesidad. Las normas no deben cambiar por cambiar pues ello atenta contra su eficacia y estabilidad.

En este momento no tenemos ningún indicio de que sea necesario enmendar la Regla 8 para que sea el Pleno del Tribunal quien nombre al Director Ejecutivo o Directora Ejecutiva del Programa. La Comisión Especial no hizo esa recomendación ni señaló necesidad alguna de enmendar la Regla 8. Igualmente, no hay nada en las recomendaciones de la Junta de Educación Jurídica Continua que indique razón alguna de la necesidad de alterar esta Regla.

Al aprobar la Regla 8 del Reglamento de Educación Jurídica Continua en 1998 el Tribunal Supremo se reservó la facultad de nombrar a la Junta de Educación Jurídica Continua, ente encargado de adoptar las reglas para la administración eficiente del Programa de Educación Jurídica Continua. Reconociendo que el Director o la Directora Ejecutiva "es el funcionario administrativo de la Junta" delegó su selección en el Juez Presidente.[11] Como funcionario administrativo de la Junta, el Director Ejecutivo o Directora Ejecutiva interactúa continuamente con las divisiones pertinentes de la Oficina de Administración de los Tribunales y recibe directrices específicas de la Jueza Presidenta del Tribunal Supremo. El que sea nombrado por ésta asegura la eficiencia de esta

---

[11] Regla 9, Reglamento del Programa de Educación Jurídica Continua de 2005.

asignación de funciones. Nuevamente, el sistema ha funcionado bien y no veo necesidad de cambiarlo.

Por todo lo anterior, estoy conforme con la Resolución que se certifica en el día de hoy y disiento únicamente en cuanto a la decisión de la mayoría del Tribunal a los efectos de enmendar la Regla 8 del Reglamento del Programa de Educación Jurídica Continua de 2005.


Liana Fiol Matta
Jueza Presidenta

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Enmiendas al Reglamento de
Educación Jurídica Continua y          ER-2015-03
al Reglamento del Programa de
Educación Jurídica Continua

Voto Particular de Conformidad emitido por el Juez
Asociado señor MARTÍNEZ TORRES al cual se unió el Juez
Asociado señor FELIBERTI CINTRÓN.

En San Juan, Puerto Rico, a 15 de junio de 2015.

Voto conforme con las enmiendas al Programa de
Educación Jurídica Continua (PEJC) y sus
reglamentos, que aprobamos en el día de hoy. Estas
constituyen medidas de avance que atemperan nuestro
ordenamiento a la realidad de la profesión legal en
el Siglo XXI y simplifican el proceso, para
beneficio de todos los abogados. Así, luego de un
ponderado análisis del informe presentado por la
Comisión Especial para Revisar el Funcionamiento
del PEJC (Comisión), en el día de hoy, entre otras
cosas, aumentamos el periodo de cumplimiento para
tomar las veinticuatro horas crédito de educación

jurídica continua de dos a tres años y eliminamos el límite de horas crédito que pueden tomar los abogados a distancia por medios electrónicos. Asimismo, establecemos que se considerarán preaprobados los cursos ofrecidos por diversas instituciones reconocidas en el campo del Derecho que han demostrado la calidad de los cursos que brindan. Consecuentemente, los abogados tendrán acceso a una mayor oferta de cursos para cumplir con los requisitos de educación jurídica continua. Sin lugar a dudas, todo lo anterior facilitará que los abogados activos, tanto los que residen en Puerto Rico como los que residen fuera, puedan cumplir con los requisitos del PEJC.

Los cambios al PEJC que hoy certificamos también facilitan el proceso para la aprobación de los cursos que ofrecen los proveedores y autorizan que, una vez los cursos se aprueben, se puedan repetir por todo un año. Además, se crea la Comisión Revisora de Currículo, la cual tendrá a su cargo revisar las denegatorias de acreditación o aprobación de cursos por parte de la Directora del PEJC.

Por último, también corregimos la anomalía de que aunque la Directora del PEJC ejerce las funciones a nombre y por autorización de este Tribunal, no somos quien la nombraba. Es lógico que el nombramiento de una funcionaria del Tribunal Supremo lo haga el propio Tribunal. Eso en nada afecta la eficiencia y las tareas del PEJC, pues como ha sido siempre, la Directora será supervisada

directamente por la Jueza Presidenta, encargada constitucionalmente de dirigir la administración de la Rama Judicial. Véase Art. V, Sec. 7, Const. PR, LPRA, Tomo 1. Para un análisis de los poderes del Tribunal Supremo para superentender la administración de la Rama Judicial, por mandato constitucional expreso, véase la discusión extensa en el Voto de conformidad de seis Jueces de este Tribunal en In re Aprob. Rs. y Com. Esp. Ind., 184 DPR 575 (2012).

Ahora bien, a pesar de que acogimos la mayoría de las recomendaciones de la Comisión, hemos decidido no adoptarlas en su totalidad debido al costo que conllevaría la implementación de algunas de ellas en momentos en que el presupuesto de la Rama Judicial ha sufrido una drástica reducción. En particular, determinamos no acoger la recomendación de la Comisión en cuanto a eliminar las exclusiones que provee el Reglamento del PEJC desde el año 2005 respecto a los profesionales del Derecho que trabajan en las Juntas y Comisiones designadas por el Tribunal Supremo, los exjueces y exjuezas de este Tribunal y los profesores y profesoras de Derecho.

Como parte del análisis de esta recomendación de la Comisión, la Directoría de Informática de la Rama Judicial nos informó que su implementación tendría un costo aproximado de $11,340. Eso se debe a que un cambio en los parámetros de cumplimiento requiere reescribir parte del

código de *software* del programa que utiliza el PEJC para monitorear el cumplimiento de los abogados con los requisitos y las exenciones que el reglamento les concede. Esa tarea la hace la compañía privada que tiene el contrato para ese fin con la Oficina de Administración de los Tribunales. Aunque para algunos ese gasto pudiera resultar insignificante, lo cierto es que en tiempos en que la Rama Judicial ha tenido que cerrar múltiples tribunales alrededor de la Isla por no contar con los fondos para sufragar su operación y reducir beneficios marginales a los empleados, el desembolso de esa cantidad para este asunto no puede ser una prioridad.

Sería bien conveniente para mí asumir hoy una posición simpática y populista, y votar para eliminar estas exenciones del reglamento. Sin embargo, el poder de vigilar por la sana administración de la Rama Judicial exige que en momentos en que esta opera con $54 millones menos en el año fiscal en curso y cuando se vislumbran recortes adicionales que podrían llegar hasta $61 millones en el próximo presupuesto, tomemos en cuenta el impacto fiscal de toda medida que aprobemos. Los cambios a las exenciones que propuso la Comisión son comprensibles. La propuesta se fundamenta en la falta de una base racional para las exenciones existentes. No obstante, por imperativo del estado actual del presupuesto de esta Rama, es necesario posponer para otro día esa propuesta de la

Comisión. Su permanencia, después de todo, no perjudica a ningún otro abogado. Aunque la eliminación de las exenciones parezca ser lo correcto, gastar parte de nuestro maltrecho presupuesto para implementarlas no lo es. Las "palabras punzantes", los personalismos y la "hipérbole retórica", similar a la que criticamos en In re Aprob. Rs. y Com. Esp. Ind., supra, pág. 575, no pueden esconder esa realidad.

Lo importante es que las enmiendas que hoy se certifican reflejan el consenso que debe existir en un tribunal colegiado. Nadie logró todo lo que quería pero se avanzó para hacer del PEJC uno más ágil y eficiente. Ese era el objetivo principal que le encomendamos a la Comisión. Más aún, las enmiendas aprobadas deben servir para hacer más fácil y menos costoso que los abogados puedan mantenerse al día en el conocimiento del Derecho. Reducir esos costos también es imperativo en estos momentos de estrechez económica.

Confío en que las enmiendas que hoy aprobamos por consenso permitirán que el PEJC cumpla eficazmente con su misión de contribuir al mejoramiento académico de los profesionales del Derecho, y a su vez, mejorará la calidad de los servicios legales que recibe el Pueblo.


                              Rafael L. Martínez Torres
                              Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                                                                                                          |            |  |
|-----------------------------------------------------------------------------------------------------------------|------------|--|
| Enmiendas al Reglamento de Educación Jurídica Continua y al Reglamento del Programa de Educación Jurídica Continua | ER-2015-03 |  |

Voto Particular de Conformidad en parte y Disidente en parte emitido por la Jueza Asociada señora PABÓN CHARNECO.

En San Juan, Puerto Rico, a 15 de junio de 2015.

Estoy conforme con la mayoría de las enmiendas al Programa de Educación Jurídica Continua (PEJC) y sus Reglamentos que el Tribunal aprueba hoy. Estas representan un paso adelante para reformar el Programa y, a su vez, se acogen gran parte de las recomendaciones que la Comisión Especial para Revisar el Funcionamiento del PEJC (Comisión) presentó a este Tribunal en su Informe del año 2013.

Al crear esa Comisión le encomendamos que evaluara de manera profunda el funcionamiento del PEJC y que auscultara el sentir de los abogados y abogadas en cuanto al valor y manera de operar de este. *In re Comisión Especial para Revisar el Funcionamiento Programa de*

ER-2015-03

*Educación Jurídica Continua*, 184 DPR 538 (2012). Ello ante las conocidas críticas que surgieron con su aprobación y durante los primeros años de operación del Programa.[12]

A pesar de que el Tribunal acoge la mayoría de las propuestas de la Comisión, se obvió de manera inexplicable una recomendación que me obliga a disentir de parte de la Resolución que hoy se certifica. Se trata de la exclusión del cumplimiento con los requisitos del PEJC de los ex jueces y ex juezas de este Tribunal Supremo. *Véase*, Regla 4(C)(1) del Reglamento del PEJC. Al negarse a eliminar esa exclusión irracional, cuatro (4) de mis compañeros –la Jueza Presidenta Fiol Matta, el Juez Asociado señor Martínez Torres, el Juez Asociado señor Feliberti Cintrón y la Jueza Asociada Oronoz Rodríguez- ratifican y condonan la creación de una "nobleza" en la profesión legal de Puerto Rico. Estos "duques" –los ex miembros de este Foro- estarán exentos de cumplir **de por vida** con los requisitos de Educación Jurídica Continua que se le imponen a los demás ex miembros de la judicatura y al resto de la profesión legal en nuestra jurisdicción, por la única razón de que fueron miembros de este Tribunal.[13]

---

[12] *Véase*, por ejemplo, *In re Aprobación Regl. Prof. Educ. Jur.*, 164 DPR 555, 595 (2005), Voto Particular Disidente de Fuster Berlingeri, J. y L. Dávila Colón et al., *En casa de herrero, cuchillo de palo: La inconstitucionalidad del Programa de Educación Jurídica Continua del Tribunal Supremo*, 1 Rev. Jur. AAPR 105 (2013).

[13] La Juez Asociada señora Rodríguez Rodríguez no intervino en la consideración de este asunto.

ER-2015-03

Cuando asumí el cargo de Jueza Asociada hace seis (6) años jamás pensé que ante la consideración de este Tribunal se presentaría la oportunidad de auto investirme con privilegios aristocráticos **vitalicios** a los que tendría acceso al momento de retirarme. Ya que objeto moral y legalmente el que se mantengan los privilegios **de por vida** de los ex miembros de este Tribunal para no tener que cumplir con los requisitos de Educación Jurídica Continua que el resto de la profesión legal está forzada a cumplir, me veo obligada a disentir en parte de la Resolución que se certifica hoy.

I

Según mencioné, hace casi cuatro (4) años acordamos crear una Comisión Especial para evaluar el funcionamiento del PEJC. *In re Comisión Especial para Revisar el Funcionamiento Programa de Educación Jurídica Continua*, supra. Esta Comisión llevó a cabo su labor y celebró audiencias en diversas regiones judiciales de Puerto Rico en las que los miembros de la profesión legal compartieron sus impresiones, sugerencias y críticas en cuanto al funcionamiento del PEJC.

Al rendir su Informe, la Comisión nos presentó diversas sugerencias en cuanto a cómo mejorar el PEJC y en cuanto a aquellas disposiciones reglamentarias que recibieron críticas por parte de los profesionales del Derecho. Una de las recomendaciones que nos presentó la

ER-2015-03

Comisión fue eliminar la exclusión existente en los Reglamentos del PEJC para los ex jueces y ex juezas de este Tribunal. Específicamente, en su Informe la Comisión nos recomendó lo siguiente:

> Eliminar las exclusiones reglamentarias de por vida a los ex jueces y ex juezas retirados del Tribunal Supremo, **pues no existe base racional para conceder tal privilegio a ese grupo en particular, con más razón, cuando muchos de ellos practican activamente en los tribunales la profesión legal**.[14]

Como mencioné, aunque una Mayoría del Tribunal hoy acoge muchas de las recomendaciones de la Comisión, cuatro (4) de mis compañeros se negaron a eliminar el privilegio para juezas y jueces retirados de este Tribunal de estar exentos de cumplir con los requisitos del PEJC. Por las razones que discutiré a continuación, disiento enérgicamente de esta cuestionable decisión de la Jueza Presidenta señora Fiol Matta, del Juez Asociado señor Martínez Torres, del Juez Asociado señor Feliberti Cintrón y de la Jueza Asociada Oronoz Rodríguez. **Mantener esa exclusión representa un acto judicial arbitrario, irracional, elitista e injusto que se reduce a la creación de una pequeña nobleza en la profesión legal de Puerto Rico.**

Muy brevemente, paso a discutir lo que representa el privilegio que hoy deciden mantener estos cuatro (4)

---

[14] *Véase*, Comisión Especial para Revisar el Funcionamiento del Programa de Educación Jurídica Continua, *Informe*, pág. 25 (2013)(Énfasis suplido).

ER-2015-03

compañeros para ellos y para los ex miembros de este Tribunal.

II

Según mencionado, la diminuta clase de abogados que son miembros retirados de este Tribunal queda excluida **para siempre** de la obligación del resto de la profesión legal de tomar cursos de Educación Jurídica Continua. Ello a pesar de que muchos de estos ex jueces continúan practicando activamente la abogacía.[15] **Obviamente, ese privilegio también lo ostentaran al momento de su retiro los compañeros que hoy lo convalidan.**

Este privilegio debe analizarse en el contexto de que los ex miembros de este Tribunal disfrutan de una pensión del cien por ciento (100%) de su salario al momento de cesar funciones.[16] Hoy, a pesar de contar con ese retiro garantizado por nuestro sistema constitucional, los cuatro (4) compañeros mencionados decidieron dejar inalterado para ellos y para un selecto grupo de ex miembros de este Foro un privilegio adicional y **vitalicio** que puede llegar a representar un ahorro de $10,000 en su patrimonio

---

[15] Varios de estos miembros retirados del Tribunal son socios de reconocidas firmas legales en Puerto Rico, algunos de ellos por décadas.

[16] En el caso de siete (7) de los actuales miembros de este Tribunal, esa pensión ya no será del cien por ciento (100%).*Véase*, *Brau Ramírez v. ELA*, res. el 21 de febrero de 2014, 190 DPR ___, 2014 TSPR 126.

ER-2015-03

personal.[17] Ese ahorro no lo ostentará ninguna otra clase de abogado en Puerto Rico y **es adicional** a la pensión constitucional a la que tienen derecho los ex jueces de este Foro.

El mantener y ratificar este privilegio económico para una casta selecta de abogados merece como mínimo una explicación lógica por parte de los cuatro (4) compañeros que hoy se niegan a eliminarlo. Me asombra que la Jueza Presidenta señora Fiol Matta, el Juez Asociado señor Martínez Torres, el Juez Asociado señor Feliberti Cintrón y la Jueza Asociada Oronoz Rodríguez ni siquiera hayan pasado el trabajo de articular una **explicación racional** para la exclusión que hoy convalidan y se niegan a eliminar. Nótese que en su Voto Particular de Conformidad el Juez Asociado señor Martínez Torres achacó su renuencia a eliminar este privilegio a un costo económico que conlleva eliminarlo de los sistemas de informática de la Rama Judicial. Tomando como cierta la preocupación del Juez Asociado señor Martínez Torres, cabe preguntarse por qué no recomendó tan siquiera eliminar este privilegio de manera prospectiva. Así, como mínimo, eliminaría la

---

[17] Tomemos como ejemplo un retiro hipotético de un juez de este Tribunal que dure quince (15) años. En esos años se incluyen cinco (5) periodos trienales del PEJC. El costo de los veinticuatro (24) créditos de Educación Jurídica Continua de un periodo del PEJC puede llegar a ser de aproximadamente $2,000. En el ejemplo hipotético de un retiro de un juez del Tribunal Supremo que se extienda por quince (15) años, se traduce a un ahorro de $10,000.

ER-2015-03

peligrosa percepción de que su renuencia a eliminarlo se debe a que desea mantenerlo para su propio retiro.

Francamente, no se me ocurre ninguna razón que sustente que se mantenga este privilegio. Si se trata de "dar deferencia" a los jueces, cabe preguntarse por qué esta exclusión se limita solo a los ex jueces del Tribunal Supremo. ¿Por qué no se les otorgó también a los ex jueces del Tribunal de Apelaciones? ¿Por qué no a los ex jueces del Tribunal de Primera Instancia? ¿Qué nos diferencia a nosotros de los demás ex miembros de la judicatura que han servido a Puerto Rico? ¿Ser Juez del Tribunal Supremo convierte a uno en más inteligente o sabio que un juez de un foro inferior, por lo que debe estar exento de tomar cursos de Educación Jurídica Continua? Al retirarnos de este Tribunal Supremo y practicar privadamente la abogacía, ¿no somos iguales al resto de nuestros compañeros de profesión? Valga repetir que muchos ex miembros de este Tribunal una vez se retiran practican privadamente la abogacía igual que los ex miembros de otros foros judiciales. ¿Por qué solamente se les otorga la exclusión **vitalicia** a los miembros retirados de este Tribunal? No hay explicaciones racionales para esta exclusión y la Jueza Presidenta señora Fiol Matta, el Juez Asociado señor Martínez Torres, el Juez Asociado señor Feliberti Cintrón y la Jueza Asociada Oronoz Rodríguez no articularon una racional. Además, si se trata de "dar

ER-2015-03

deferencia" a los ex miembros de este Tribunal, me asombra y preocupa el elitismo que conlleva negarse a eliminar una exclusión reglamentaria amparándose en ese fundamento.

Por otro lado, nótese que en la Resolución que hoy se certifica se incluyen otras exclusiones de cumplimiento con los requisitos del PEJC para otros profesionales del Derecho. Entre estos se excluyen del cumplimiento con el PEJC a los profesores y profesoras a **tiempo completo** de las escuelas de Derecho mientras **ocupen sus puestos**, a los miembros activos de la judicatura, tanto federal como estatal, **mientras ocupen sus cargos**, así como a los abogados y abogadas que pertenezcan a juntas y comités adscritos a este Tribunal, **mientras ocupen sus cargos.** *Véase*, Regla 4(C)(1)(2) y (8). **La gran diferencia es que estas exclusiones no son vitalicias**; los miembros de esos grupos solo ostentan el privilegio de no cumplir con los requisitos del PEJC durante el término de sus diversos cargos. *A contrario sensu*, **el privilegio que hoy mantienen la Jueza Presidente señora Fiol Matta, el Juez Asociado señor Martínez Torres, el Juez Asociado señor Feliberti Cintrón y la Jueza Asociada Oronoz Rodríguez durará el resto de sus vidas y no está atado a limitación alguna que no sea la muerte.**

No hay explicación para esta exclusión y no existe razón que justifique su permanencia en nuestro ordenamiento. Tampoco existe alguna fuente legal que apoye

ER-2015-03

la inclusión de esta en los cuerpos reglamentarios que hoy se enmiendan. Es inexplicable que los cuatro (4) jueces mencionados se nieguen a eliminar este privilegio a pesar de las recomendaciones contrarias de la Comisión que estudió y revaluó el PEJC y ante la ausencia de explicaciones racionales para su existencia.

No puedo dar mi aval a la permanencia de este privilegio en los reglamentos del PEJC. Lamento que las valiosas y correctas enmiendas que hoy se aprueban se vean empañadas por la convalidación de un privilegio que se parece más al de las antiguas noblezas europeas que a una exclusión válida en Derecho.

III

Hasta mediados del Siglo XX la nobleza inglesa conservó una serie de privilegios que fueron adquiriendo a través del tiempo por el mero hecho de heredar un título nobiliario. Demás está decir que esos privilegios se reducían a un grupo limitado de familias poderosas que, comúnmente, habían ocupado algún cargo en el Gobierno. Estos duques, marqueses, condes y barones tenían derecho a ser juzgados solo por miembros de la nobleza, a pertenecer vitaliciamente a la Cámara de los Lores y a tener acceso ilimitado al monarca. Durante las últimas décadas estos privilegios fueron eliminándose y la práctica de conceder títulos nobiliarios hereditarios básicamente ha cesado en Europa.

ER-2015-03

La actuación de la Jueza Presidenta señora Fiol Matta, el Juez Asociado señor Martínez Torres, el Juez Asociado señor Feliberti Cintrón y la Jueza Asociada Oronoz Rodríguez es una oda a esa época ya superada por el mundo contemporáneo. Mantener las exclusiones **vitalicias** del PEJC de las juezas y jueces retirados de este Tribunal se traduce a que por el mero hecho de haber ostentado una toga y ocupado una oficina en nuestra sede en Puerta de Tierra, se adquieren unos privilegios perpetuos que nos diferencian del resto de la sociedad. En tiempos álgidos como los que vive el Pueblo de Puerto Rico, es lamentable y vergonzoso que desde este Tribunal se fomente la creación de una casta de nobles en la profesión legal.

Todo profesional del Derecho en Puerto Rico conoce el refrán que nos enseñan a los abogados desde la Escuela de Derecho en cuanto a que los que ocupan puestos en el Tribunal Supremo son los "dioses del Olimpo". Jamás pensé que durante mi tiempo en este Tribunal cuatro (4) de mis compañeros le darían vida a ese refrán y lo convertirían en doctrina legal para mantener la existencia de privilegios de nobleza. Según expliqué, este privilegio representa un ahorro de miles de dólares durante **toda la vida** de un juez retirado de este Tribunal; **ese privilegio no lo ostenta ningún otro ex juez o abogado en Puerto Rico.** Ante ello, no debe sorprendernos que la Jueza Presidenta señora Fiol Matta, el Juez Asociado señor

ER-2015-03

Martínez Torres, el Juez Asociado señor Feliberti Cintrón y la Jueza Asociada Oronoz Rodríguez no hayan tenido el valor de articular una razón que explique la perpetuación de semejante privilegio para ellos y para los demás ex miembros de este Foro. Máxime cuando ese mismo grupo de jueces y juezas ha perpetrado la eliminación de beneficios laborales para los empleados de la Rama Judicial.

Me confieso desconcertada ante la decisión de mis cuatro (4) compañeros. Ante la crisis social y económica que se vive en Puerto Rico, este tipo de actuación denota una insensibilidad pasmosa. A nombre del Tribunal Supremo de Puerto Rico – **la Institución que perdura más allá de la vida de los que ocupen puestos en esta** – le pido a la clase togada de Puerto Rico que excuse la actuación de estos cuatro (4) compañeros jueces.

Por todas estas razones, y como no juramenté a mi cargo para otórgame privilegios personales vitalicios, DISIENTO enérgicamente de la no eliminación del beneficio que hoy se convalida y perpetua.


Mildred G. Pabón Charneco
Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Enmiendas al Reglamento de        ER-2015-03
Educación Jurídica Continua y
al Reglamento del Programa de
Educación Jurídica Continua

Voto Particular de Conformidad en parte y Disidente en parte emitido por el Juez Asociado señor Kolthoff Caraballo

San Juan, Puerto Rico, a 15 de junio de 2015.

Después de un polémico, pero saludable proceso de discusión y análisis, en el día de hoy este Tribunal certifica un número de enmiendas al Reglamento del Programa de Educación Jurídica Continua (PEJC). En la aprobación de estas enmiendas todos los jueces participamos activamente, y en ánimo de alcanzar un resultado colegiado, algunos tuvimos que ceder en la consecución de alguna que otra expectativa. No obstante, finalmente estoy conforme con todas las enmiendas excepto con la falta de voluntad de eliminar la exclusión del cumplimiento

con los requisitos del PEJC por parte de los exjueces y exjuezas de este Tribunal.[18]

Aunque ciertamente les dispenso un gran respeto, admiración y deferencia a todos los exmiembros de esta Alta Curia, me veo obligado a disentir de la preservación de esta exclusión básicamente por la misma razón esbozada por la Comisión Especial para revisar el funcionamiento del PEJC (Comisión), creada por este Tribunal el 13 de febrero de 2012.[19]

Después de varias audiencias públicas en diversas regiones judiciales, y múltiples reuniones de discusión y redacción, en el 2013 la Comisión rindió un informe muy completo, en el que hace la siguiente recomendación:

Eliminar las exclusiones reglamentarias **de por vida** a los exjueces y exjuezas retirados del Tribunal Supremo, **pues no existe base racional para conceder tal privilegio a ese grupo en particular, con más razón, cuando muchos de ellos practican activamente en los tribunales la profesión legal.** (Énfasis suplido).

Creo ciertamente, al igual que concluye la Comisión, que esta exclusión vitalicia no es racional. El Derecho, como muchas otras disciplinas, es cambiante y demanda el estudio constante de sus arcanos, si es que el jurista –sin importar cuán excepcional sea– busca ser un instrumento eficaz de la justicia y de los intereses de los clientes a quienes representa.

En el caso de los jueces, el parroquiano de nuestros servicios es el Pueblo, que demanda de los juzgadores de

---

[18] Véase Regla 4(B)(1) del Reglamento del Programa de Educación Jurídica Continua (PEJC).

[19] In re Com. Esp. Prog. Edu. Jur. Cont., 184 DPR 538 (2012).

sus causas conocimiento del Derecho y un proceso justo e imparcial.

En el caso de la clase togada, el Canon 18, 4 LPRA Ap. IX, demanda de esta "defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad". Por mucho que conozcamos de Derecho, siempre existe espacio para conocer más, para aprender más, sobre todo y como señalé, ante una disciplina cambiante como ésta.

Por eso, creo que los exjueces y exjuezas del Tribunal Supremo, principalmente si pretenden ejercer su derecho a mantenerse activos en la práctica de la profesión legal, deben cumplir, como todos los demás exmiembros de la clase judicial, con todos los requisitos del PEJC.

Como bien implica la Comisión en su Informe, ¿qué razón existe para exceptuar a los pasados componentes de esta Curia que se encuentran activos en su práctica, de cumplir con las mismas horas créditos de educación jurídica continua con los que tienen que cumplir el resto de la clase togada, incluyendo exjueces que han pertenecido a otros tribunales?

Creo que este tipo de exclusión solo se justifica, como ocurre con el resto de las exclusiones, como un incentivo, fundamentado en que el abogado o la abogada de alguna manera está rindiendo un servicio prácticamente *ad honorem* al Pueblo. Si ese es el caso de algún exjuez o

exjueza de esta Curia, bienvenida sea la exclusión. Sin embargo, si ese no es el caso, la exclusión que hoy este Tribunal está preservando solo puede obedecer –desde mi humilde criterio- a la creencia de que los pasados integrantes de este Foro saben tanto que nada pueden aprender en los cursos de educación jurídica continua que se ofrecen o, peor aún, que no fue suficiente el privilegio que les concediera el Pueblo de Puerto Rico de haber servido desde este máximo recinto del Derecho puertorriqueño. Me niego a aceptar cualquiera de las dos premisas, y estoy seguro que los pasados exjueces y exjuezas de este Tribunal también. Por lo tanto, aunque estoy conforme con todas las enmiendas, disiento en cuanto a la preservación de la exclusión reglamentaria de por vida a los pasados miembros de esta Curia.

Erick V. Kolthoff Caraballo
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| *In re*:<br><br>Enmiendas al Reglamento de Educación Jurídica Continua y al Reglamento del Programa de Educación Jurídica Continua | ER-2015-03 | |

Voto de conformidad en parte y disidente en parte emitido por la Jueza Asociada ORONOZ RODRÍGUEZ

En San Juan, Puerto Rico, a 15 de junio de 2015.

Estoy conforme con la mayoría de las enmiendas que anteceden en torno al Reglamento de Educación Jurídica Continua de 1998, 4 LPRA Ap. XVII-D, y al Reglamento del Programa de Educación Jurídica Continua de 2005 (Reglamento del PEJC), 4 LPRA Ap. XVII-E. Estas enmiendas son el producto de las recomendaciones de la Comisión Especial para Revisar el Funcionamiento del Programa de Educación Jurídica Continua, así como de las reuniones y discusiones mantenidas por el Pleno de este Tribunal con el genuino interés de mejorar nuestro sistema de educación continua.

La aprobación de estas enmiendas surge del consenso y del trabajo colegiado que debemos promover en nuestra gestión de reglamentación. Estoy convencida de que la mayoría de las enmiendas atienden en gran medida las preocupaciones que ha señalado la comunidad jurídica sobre la aplicación y el funcionamiento del Programa de Educación Jurídica Continua (PEJC). Aunque siempre hay espacio para mejorar, la Resolución que hoy aprobamos

tiene el efecto de reformar positivamente la educación jurídica continua en nuestro País. Como ejemplo de ello, se destaca una mayor flexibilización para que la aprobación de cursos ofrecidos por entidades reconocidas sea expedita y para aprobar cursos a distancia y ofrecidos por métodos de enseñanza no tradicionales, así como el incremento a tres años del periodo para el cumplimiento de los veinticuatro créditos requeridos. En fin, la mayoría de las enmiendas aprobadas nos dirigen en la dirección correcta, pues, entre otras consideraciones, se toma en cuenta la importancia de los avances tecnológicos en nuestros tiempos y se promueve la eficiencia del PEJC.

El derecho se transforma constantemente y es nuestra responsabilidad contribuir al mejoramiento profesional de los abogados y las abogadas y al desarrollo de sus conocimientos legales.[20] De esta manera, le damos contenido a una de las exigencias del Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX C. 2, a saber: los abogados y las abogadas tienen la obligación de "realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional […]". Sin duda alguna, la educación jurídica continua viabiliza este precepto ético y fomenta el

---

[20] Véase, In re Aprobación Prog. Educ. Jur., 164 DPR 555 (2005).

ejercicio de la profesión dentro de los más altos niveles de competencia y destreza.[21]

Aunque doy mi voto de conformidad a la Resolución que antecede, hago constar mi reparo a la Regla 4(C)(1) en lo que se refiere a los jueces y juezas del Tribunal General de Justicia durante el término de sus cargos y a la Regla 8 del Reglamento del PEJC. En cuanto a la Regla 4(C)(1), y según anticipé, no eximiría a los jueces y juezas del Tribunal General de Justicia de las disposiciones de este Reglamento durante el término de sus cargos. Aunque considero que lo correcto es atenderlo en estas enmiendas al Reglamento, en dicha reunión acordamos que lo anterior se trabajará a través de reglamentación interna de la Academia Judicial Puertorriqueña. Por tanto, no haré expresiones ulteriores confiando que se atenderá con la premura que merece y tomando en consideración que la educación jurídica continua tiene que ser obligatoria para todos los jueces y las juezas. Ello está, además, en armonía con el Art. 2.006 de la Ley Núm. 201 de 22 de agosto de 2003, según enmendada, Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, 4 LPRA sec. 24f, el cual dispone que se deben establecer "programas dirigidos a atender las necesidades de educación jurídica continua compulsoria de todos los jueces".

De otra parte, la enmienda a la Regla 8 del Reglamento del PEJC dispone que "[l]a dirección

---

[21] Íd.

administrativa de la Junta estará a cargo de un Director(a) Ejecutivo(a) que será nombrado por el Tribunal Supremo". Anteriormente, la facultad de nombrar a este funcionario o funcionaria recaía en el Juez Presidente o la Jueza Presidenta del Tribunal Supremo.[22] No puedo avalar este cambio, pues elimina una facultad que debe permanecer en la Jueza Presidenta por razones administrativas y prácticas.

Reconozco que esta Resolución trata un asunto reglamentario sobre el cual el Pleno de este Tribunal tiene la potestad de actuar. Sin embargo, no podemos olvidar que nuestra Constitución delega expresamente en la figura del Juez Presidente o la Jueza Presidenta la función de administrar los Tribunales.[23] En el descargo de sus obligaciones, el Juez Presidente o la Jueza Presidenta designa funcionarios de su confianza para llevar a cabo la gran responsabilidad de administrar la Rama Judicial. El Director o la Directora del PEJC es un funcionario que trabaja directamente con el Juez Presidente o la Jueza Presidenta por lo cual la relación entre éstos debe ser una de plena confianza, entendimiento y compenetración. No sólo porque desde sus inicios el PEJC ha sido un asunto atendido de primera mano por el Juez Presidente o la Jueza Presidenta, sino porque además es ésta quien trabaja día a día con los asuntos administrativos de la Rama Judicial y

---

[22] Véase, Regla 8 del Reglamento del PEJC de 2005, 4 LPRA Ap. XVII-E R. 8.

[23] Véase, 1 LPRA Art. V, sec. 7.

quien mejor conoce su funcionamiento, incluyendo al PEJC. Los Jueces Asociados y las Juezas Asociadas de este Tribunal, más allá de los asuntos reglamentarios, no tenemos contacto directo con el Director o la Directora del PEJC. Ante ello, me parece una decisión equivocada la enmienda realizada a la Regla 8, pues desvirtúa principios básicos de sana administración. Más bien, parecería ser otro intento más de la mayoría de este Tribunal para ejercer la administración de la Rama Judicial, función que constitucionalmente no le corresponde.

Por último, no puedo pasar por alto las expresiones de algunos miembros de este Tribunal referentes a la exención a los requisitos del PEJC de los ex jueces y las ex juezas de este Foro. Se trata sencillamente de un asunto de deferencia hacia jueces y juezas que han servido al País desde este Tribunal, en algunos casos, por más de 25 años. En específico, nos referimos a ocho ex jueces y una ex Jueza Presidenta del Tribunal Supremo.[24] No creo que esta exención, que está incluida en el Reglamento hace años, en términos prácticos cause mayores estragos en la profesión legal.[25]

---

[24] Se trata, particularmente, de los Hons. Miriam Naveira Merly; Rafael Alonso Alonso; Peter Ortiz Gustafson; Ángel Martín Taboas; Francisco Rebollo López; Antonio S. Negrón García; Baltasar Corrada del Río; José A. Andreu García; Federico Hernández Denton. Hasta donde sé, sólo cinco de éstos están activos en la profesión.

[25] Francamente, me parece también un sinsentido decir que estoy ratificando un privilegio para beneficio propio, cuando aún faltan 31 años para retirarme. Cabe mencionar que, asimismo, al Juez Asociado señor Martínez Torres le faltan 14 años y al Juez Asociado señor Feliberti Cintrón 18 años para el retiro mandatorio.

Es completamente legítimo y dentro de nuestras prerrogativas estar en desacuerdo con la referida disposición. Ese desacuerdo debe expresarse con elegancia, con templanza, sin estridencias y sin utilizar el privilegio del estrado para ofender a quienes no pueden replicar. Nuestros disensos deben ser ejemplarizantes. Las palabras que tienen como resorte posturas acomodaticias y autocomplacientes, las que carecen de consistencia y circunspección, esas -en especial cuando las pronuncia un Juez o Jueza del Tribunal Supremo- son vociferaciones irresponsables que no están a la altura de un miembro de nuestra judicatura.

Me parece un acto de deshonestidad moral catalogar dicho acto -de no eliminar dicho artículo- como uno "elitista… que se reduce a la creación de una pequeña nobleza en la profesión legal de Puerto Rico"; que se tilde dicho artículo como que otorga "privilegios aristocráticos", que pertenecen a una "Cámara de Lores", entre otros.[26] Dicha reyerta me parece una gran ficción, particularmente porque esos mismos miembros de este Tribunal, en todos los años que llevan aquí, no han renunciado a sus vehículos oficiales para asuntos personales, al pago ilimitado de gasolina, ni otros beneficios los cuales sin duda se asemejan más al

---

[26] Voto Particular de Conformidad en parte y Disidente en parte emitido por la Jueza Asociada señora Pabón Charneco, págs. 2 y 8.

privilegio aristocrático y elitista que señala el voto particular.[27]

Es hora de poner la acción en la palabra y vivir según los tiempos y la precariedad social y económica que vive nuestro País. Por tanto, próximamente estaré notificando a la Jueza Presidenta que, efectivo el 30 de este mes, renuncio al vehículo oficial que me fuera asignado cuando juramenté como Jueza Asociada de este Tribunal. Invito a mis compañeros y compañeras a hacer lo propio.

Maite D. Oronoz Rodríguez
Jueza Asociada

---

[27] Tampoco han promovido que se haga extensivo a los jueces y las juezas activos en su cargo –cuya suma total es mayor de 350– la aplicación de las disposiciones del Reglamento del PEJC, lo cual tiene una implicación mucho más trascendental en la práctica y profesión legal.